## MUTUAL BUILDING AND INVESTMENT CO, LIQUIDATION OF—In Re

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13608. Decided Oct 30, 1933

Bernon, Mulligan, Keeley and LeFever, Cleveland, and John A. Cline, Cleveland, and Abraham Kollin, Cleveland, for The Mutual Building and Investment Company.

Rees H. Davis, Cleveland, Special counsel for Attorney General of Ohio.

## OPINION

By McGILL, J.

A determination of this question depends upon whether or not it is a chancery case within the meaning of §6, Article IV of the Oh'o Constitution.

This act under which the Superintendent of Building and Loan Associations proceeded in the Common Pleas Court became effective February 23, 1933. Prior to this legis'ation, a court of equity had no power to wind up or dissolve a corporation in the absence of statutory authority. It is said in 10 Ohio Jurisprudence, paragraph 757, page 999:

"JURISDICTION OF EQUITY TO DECREE DISSOLUTION.—It is a well-settled rule that, in the absence of statutory au-

thorization, a court of equity, in the exercise of its general jurisdiction, has no power to dissolve or wind up the affairs of a corporation. Dissolution of a corporation can only be accomplished in the legal method provided by statute."

In the case of **Shearer v The Union Mortgage Company, 28 Oh Ap 373, (1928), (6 Abs 678),** we find the following:

"Syllabus 4. Under General Corporation Act (112 Ohio Laws 9), §§86 and 87, §§8623-86 and 8623-87, GC, specifying grounds for dissolution of corporation, minority stockholder cannot petition for dissolution of corporation.

"Syllabus 5. Court of Common Pleas has no power to dissolve corporation, except as expressly granted by General Corporation Act (112 Ohio Laws, 9) §§ 86 and 87, §§8623-86 and 8623-87, GC, provisions of which are exclusive."

Before this recent legislation was passed, the court for good cause and upon a proper showing could appoint a receiver under §11894 GC. Under that section the court determined whether or not a receiver should be appointed. In the instant proceeding the procedure is slightly different in that the statute undertakes to give the Superintendent of Building and Loan Associations possession in the first instance. But before proceeding with the liquidation, if the association challenges his right, the court is then required to pass upon the question whether or not the Superintendent has abused his power and discretion. This is in substance and effect a determination of the question of the necessity for the statutory receiver.

In the case of **The Forest City Investment Company v Haas, 110 Oh St 188, (1924),** our Supreme Court held, with reference to the appointment of a receiver, as follows:

"Syllabus 3. A proceeding for the appointment of a receiver does not constitute a chancery case within the purview of §6, **Article IV, of the Ohio Constitution** as amended in 1912. (**Thompson v Denton, 95 Oh St, 333, 116 NE 452,** overruled.)"

This is a statutory action unknown to equity jurisprudence. The right on the part of the superintendent to take and retain possession for the purpose of liquidation is a new right and purely the creature of the statute. Unless the proceeding is equitable in character and amounts to a

chancery case, error may be prosecuted to this court, but appeal does not lie.

In the case of **Marleau v Marleau, 95 Oh St 162, (1917)** the Supreme Court sets forth the law in alimony cases in the syllabus as follows:

"A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective."

In the case of **In Re Estate of Gurnea, 111 Oh St 715, (1924),** the Supreme Court held that the settlement in the Probate Court of the account of an executor does not constitute a chancery case.

Again, in the case of **Oglesbee v Miller, Exr., et, 125 Oh St 223 (1932),** it was held that an appeal did not lie. §1 of the syllabus reads:

"An action under §8593, GC, to forfeit a life estate on the ground of waste, is legal in character, and not appealable."

In this last case cited it is said by Day, J, at page 227:

"The theory upon which recovery is sought is that the life estate has terminated by its very terms as set forth in the will, because of the violation of certain conditions by the life tenant; also, that the commission of waste by the life tenant gives the executor a right of forfeiture under §8593, GC. The executor, in effect, seeks a judicial determination of these questions of fact, upon which the legal title to the premises will depend, and a recovery of the specific property in order that he may sell it pursuant to the will.

"In the final analysis this is a case involving the determination of a legal title and for the recovery of specific real property. If the case can be said to have any of the characteristics of a suit in chancery, these are merely incidental to the principal relief prayed for."

If the present proceeding does not constitute a chancery case it follows that the powers of the superintendent terminated and that an appeal does not lie. Under the statute and as an incident thereto, the decree and order of the court operate to revert the title to all the property in the building and loan association. While it

is not necessary to a decision in this case, it is interesting to note that the finding of the court below orders a surrender of the business and property to the association.

Sec 687-3 GC provides in substance that immediately upon the posting of notice on the doors of the building and loan association by the superintendent of building and loan associations, the possession of all assets and property of such building and loan association of every kind and nature, shall be deemed to be transferred from such association to the superintendent; and that such posting shall of itself, and without the execution or delivery of any instruments of conveyance, assignment, transfer, or endorsement, vest the title to all such assets and property in the superintendent of the building and loan associations.

Sec 687-2, GC, supra, provides that if the court finds that the bill of particulars is insufficient in law or that the superintendent of building and loan associations has exceeded or abused his power and discretion, the court shall dismiss the liquidation proceedings and direct the superintendent to surrender its business and property to the building and loan association.

In the Oglesbee case, supra, it was held that an action to forfeit a life estate on the ground of waste is legal in character. This proceeding, in so far as it relates to the possession and title of the property and the return of the same, is likewise legal and not equitable in character.

One other question remains, namely, the effect of the provision in §687-2 GC which undertakes to give the superintendent the right of appeal.

Sec 687-2 GC, it will be noted, provides that "an appeal may be taken from the final order of the court as in other chancery cases." If the legislature had the power to make this matter appealable, clearly this provision would be controlling.

In a long line of decisions, however, the Supreme Court of Ohio has held that the General Assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state and, therefore, Courts of Appeals derive their jurisdiction from the constitution of Ohio.

In the case of The Cincinnati Polyclinic v Balch, 92 Oh St 415, (1915), it is said by Donahue, J, at page 417:

"On September 3, 1912, §6, Article IV of the Constitution, was amended, and now confers appellate jurisdiction on the Court of Appeals, the successor of the Circuit Court, in the following language: 'The Courts of Appeals shall have * * * appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law * * *.'

"This amended section of the Constitution of the state does not authorize the legislature to grant any jurisdiction, original or appellate, to the Courts of Appeals, but on the contrary specifically confers on these courts appellate jurisdiction in the trial of chancery cases, and the jurisdiction to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district. The legislature under this amended section has authority to provide the method for perfecting an appeal and the procedure in error cases, but it has no power to enlarge or limit the appellate jurisdiction of Courts of Appeals."

See also Wagner v Armstrong et, 93 Oh St 443, (1916); Commonwealth Oil Co. v Turk et, 118 Oh St 273, (1928); American Casualty Co. v Howell, 125 Oh St 62, (1932).

These cases, we believe, are decisive on this point and, therefore, the provision in §687-2 GC which seeks to give the superintendent of the building and loan associations the right of appeal has no force or effect, unless a chancery case, by reason of the constitutional provision, and the decisions of our Supreme Court relating thereto. Inasmuch as this is not a chancery case this language attempting to give the superintendent the right of appeal is in conflict with §6, Article IV of the Ohio Constitution and is unconstitutional and void.

By way of summary, we think that this is not a chancery case because a receiver could not be appointed to wind up a corporation except under statutory authority; that §11894 GC confers statutory authority upon the court to appoint a receiver in proper cases; that the Supreme Court in Investment Company v Haas, supra, has held that a proceeding for the appointment of a receiver does not constitute a chancery case; and that inasmuch as the action here is in effect the appointment of a receiver, this is not a chancery case; that this is a new right, purely a creature of the statute, and is unknown to equity jurisprudence; that while it is not necessary to a determination of the case, the order of the court with reference to the surrender

of the property is likewise legal and not equitable in character; and further, this not being a chancery case, that part of §687-2 GC which undertakes to give the Superintendent of Building and Loan Associations the right of appeal, is unconstitutional and void.

It follows, therefore, that the motion to dismiss the appeal is granted.

LIEGHLEY, PJ, and LEVINE, J, concur.